Ms. Mary E. Drilling, President Arkansas State Board of Massage Therapy 7101 West 12th, Suite 301 Little Rock, Arkansas 72204
Dear Ms. Drilling:
This official Attorney General opinion is rendered in response to two questions you have raised concerning Act 840 of 1997 and massage therapists. You have asked:
 (1) If a person graduates with the 500 hour in-classroom program, as required by law, does the continuing education requirement start before or after the taking of the state board exam?
 (2) If a person comes in from another state, having completed the basic requirements to become either a Licensed Massage Therapists or a Massage Master Therapist, and the person does not specify which one he is or wants to be, does the person come in as a Licensed Massage Therapist and then proceed step-wise to the Master and Instructor levels, or can he come in as a Master?
RESPONSE
Question 1 — If a person graduates with the 500 hour in-classroomprogram, as required by law, does the continuing education requirementstart before or after the taking of the state board exam?
It is my opinion that all continuing education requirements that are stated in Act 840 of 1997 begin after the taking of the state board exam.
Act 840 of 1997 [codified at A.C.A. § 17-86-101 et seq.] made certain changes to the statutes governing massage therapists and the Massage Therapy Board. As amended, the law currently sets forth three situations in which continuing education is required. All three requirements are applicable to persons who have already taken the state board exam. It follows, of course, that therapists cannot begin to accrue continuing education credits until after they have taken the state board exam.
The Yearly Three-Hour Requirement
At least three hours of continuing education are required for the yearly renewal of certificates for massage therapists, master massage therapists, and massage therapy instructors. See A.C.A. §17-86-309(a)(1)(B). Persons who are already registered as massage therapists, master massage therapists, or massage therapy instructors, and who would be seeking renewal of their certificates as such, would, by definition, already have taken the state board exam. See A.C.A. §17-86-102(3)(A), -102(4)(A), and -102(5)(A); A.C.A. § 17-86-303, -304, and -305. Therefore, this yearly three-hour continuing education requirement clearly begins after the taking of the state board exam.
The 125-Hour Requirement to Become a Master Massage Therapist
At least 125 hours of continuing education are required (in addition to other requirements) in order to become certified as a master massage therapist. See A.C.A. § 17-86-102(4)(A). Only persons who are already certified as massage therapists are eligible to become certified as master massage therapists. Id. These persons would have already taken the state board exam in order to become massage therapists. See A.C.A. §17-86-102(3)(A); 17-86-303. Accordingly, the 125-hour continuing education requirement begins after the taking of the state board exam.
The 250-Hour Requirement to Become a Massage Therapy Instructor
At least 250 hours of continuing education are required (in addition to other requirements) in order to become certified as a massage therapy instructor. See A.C.A. § 17-86-102(5)(A). Only persons who are already certified as master massage therapists are eligible to become certified as massage therapy instructors. Id. As discussed previously, these persons were required to have been certified as massage therapists before being eligible to become master massage therapists. They could only have been so certified if they had taken the state board exam. A.C.A. §17-86-102(3)(A); 17-86-303. Accordingly, the 250-hour continuing education requirement clearly does not begin until after the taking of the state board exam.
Question 2 — If a person comes in from another state, having completedthe basic requirements to become either a Licensed Massage Therapists ora Massage Master Therapist, and the person does not specify which one heis or wants to be, does the person come in as a Licensed MassageTherapist and then proceed step-wise to the Master and Instructorlevels, or can he come in as a Master?
Your question, as stated, appears to indicate that you are not referring to a person who has already been licensed in another state, but rather, to a person who has simply completed the training and other requirements for certification in another state.[1] This question is one that is not explicitly addressed by state law.
Nevertheless, I will note that one of the requirements for becoming certified as a master massage therapist in Arkansas is to be certified by the Board as a massage therapist. A.C.A. § 17-86-304. For this reason, the applicant could not be granted certification as a master massage therapist without having first been certified by the Board as a massage therapist (unless, of course, the applicant was already certified as a master massage therapist in another state, and the Board, in its discretion, granted reciprocal certification, under A.C.A. § 17-86-308).
Therefore, it would appear that an applicant who has completed the requirements for certification as both a massage therapist and a master massage therapist must apply first in Arkansas for certification as a massage therapist. Only after certification as a massage therapist has been granted can the applicant apply for certification as a master massage therapist.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The situation involving a person who was already licensed in another state would clearly be governed by the reciprocity statute, A.C.A. § 17-86-308. Under the plain language of that statute, the matter is one that would be within in the full discretion of the Board to determine.